PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2008 Honda Accord struck a broken section of pavement on Utah Road in Ravenswood, Jackson County. UtahRoad is apublic road maintained by Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 12:00 p.m. on July 6, 2009. Utah Road is a paved, two-lane road that has a center line and no edge lines. Claimant testified that the width of the eastbound lane is six feet, two inches wide, and the width of the westbound lane is seven feet, eight inches wide. At the time of the incident, Claimant was traveling eastbound on Utah Road at approximately ten miles per hour when she noticed a van in the westbound lane that had crossed into her lane of travel. As Claimant maneuvered her vehicle over in her lane of travel to provide more space between her vehicle and the oncoming van, her vehicle struck a broken section of pavement on the edge of the road. The hole was approximately seventeen inches long and ten inches deep. Claimant stated that Respondent had previously removed a culvert in this area and paved over it, and she indicated that the hole had existed for over one year. Claimant stated that she travels this road on a daily basis and had contacted Respondent regarding the condition of the *127 road prior to this incident. Claimant’s vehicle sustained damage in the amount of $795.08. Since Claimant’s insurance declaration sheet indicates that she had a $500.00 deductible at the time of the incident, Claimant’s recovery is limited to that amount.
The position of the Respondent is that it did not have actual or constructive notice of the condition on Utah Road. William Whited, Crew Supervisor for Respondent in Jackson County, testified that he had no records indicating that Respondent had received complaints regarding the hole prior to this incident. Mr. Whited was uncertain how long the hole had existed at this location before it was patched.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold Respondent liable for road defects of this type, a Claimant must prove that Respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the hole which Claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Given that the width of the eastbound lane was one foot and six inches shorter than the width of the westbound lane, the hole further limited the space available for drivers on the eastbound lane. Claimant was unable to avoid this hazard due to the fact that there was an oncoming vehicle in the westbound lane. In addition, Claimant indicated that the hole had existed at this location for over one year. Thus, the Court finds that Respondent was negligent, and Claimant may malee a recovery for the damage to her vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the Claimant in the amount of $500.00.
Award of $500.00.